ANTONIO GUIJARRO COBIÁN, Plaintiff and Appellant, *v.* OTILIA LLUBERAS NEGRONI, Defendant and Appellee.

No. 8189. Argued April 4, 1941.—Decided April 17, 1941.

*Arturo O'Neill*, for appellant. *Miguel Marcos Morales*, for appellee.

Mr. Justice Travieso delivered the opinion of the Court.

The District Court of San Juan, by judgment of February 29, 1936, dissolved the matrimonial ties which existed between Antonio Guijarro and Otilia Lluberas, and granted to the latter the custody and *patria potestas* over her minor daughter, Asunción Guijarro Lluberas.

Otilia Lluberas remarried in the City of New York on June 17, 1937, and at present resides with her new husband in the United States. The minor is under the custody and care of her maternal grandmother, Mrs. Asunción Negroni widow of Lluberas, in the town of Yauco, Puerto Rico.

Antonio Guijarro, the father of the minor, on October 5, 1939, filed a complaint in the District Court of San Juan in which he alleges in substance that Otilia Lluberas lost the *patria potestas* over her daughter, Asunción, because of the fact that she remarried; that the appointment of a guardian for the minor is indispensable; and that Mrs. Carmen Cobián, widow of Guijarro, the paternal grandmother of the minor, is the one who has the right to the guardianship and custody of the minor. The plaintiff ends by praying that judgment be rendered holding that the *patria potestas* exercised by Otilia Lluberas over the minor is extinguished while her second matrimony subsists, and that the paternal grandmother of the minor be appointed her guardian.

After the case had been removed to the District Court of Ponce, the defendant filed a demurrer to the complaint because it did not allege sufficient facts to constitute a cause of action and because the plaintiff lacks legal capacity to sue. The lower court granted both demurrers and on plaintiff's motion rendered judgment dismissing the complaint. The plaintiff, feeling aggrieved, took the present appeal.

Does the spouse who was deprived of the *patria potestas* over his minor child by a judgment rendered against him in an action for divorce, have the right to bring an action requesting that the *patria potestas* exercised by the innocent

spouse be adjudged to be extinguished when the latter remarries?

This question, which is the only one involved in this case, is new in this jurisdiction. Its decision hinges on the construction which we give to Section 164 of the Civil Code, as amended by Act No. 14 of March 30, 1939, ((1) page 322) which reads thus:

Section 164.—Upon dissolution of the marriage bond for any reason, the father or mother who remarries or who has remarried, shall lose the *patria potestas* over his or her children during the continuance of such marriage. The *patria potestas* shall likewise be lost by the father or mother who has obtained a decree of divorce in his or her favor, if he or she should wilfully abandon, for a period of more than one (1) year, the children had in said marriage. The action to decree the loss of said *patria potestas* shall be prosecuted in declarative proceedings before the district court of the district wherein the minor or minors reside, on complaint of any of the persons called upon to exercise tutorship by operation of law, and provided the court after hearing the proper evidence, deems it expedient for the benefit of the minor or minors; *Provided,* That the father or mother, if any, already deprived of the *patria potestas,* may also petition for the appointment of a proper tutor.''

The intention of the legislator has been, in our opinion, clearly expressed. Looking after the welfare and happiness of the minor and fearing that the latter might be compelled to live, against his will, with a stepfather or stepmother who could illtreat him, the legislator provided that the spouse who kept the *patria potestas* over his or her minor children after a judgment of divorce, would lose it if he remarried and as long as this second marriage lasted. This loss of *patria potestas* does not take place automatically as soon as the second marriage is celebrated. Two essential requisites must be complied with before the *patria potestas* is lost: (*a*) that an action be brought in declarative proceedings by any of the persons called upon to exercise tutorship by operation of law; and (*b*) that the court, after hearing the evidence, reach the conclusion that it is convenient and beneficial for

the minor that the loss of the *patria potestas* be decreed. As long as these two requisites are not complied with, the innocent spouse shall continue, in spite of the fact that he has remarried, to exercise the *patria potestas* which was given to him by the judgment of divorce.

The plaintiff, who is the father of the child, is not one of those persons endowed by Section 178 of the Civil Code (1930 ed.) with the tutorship by operation of law over Asunción Guijarro y Lluberas. The plaintiff, therefore, is not one of the persons to whom Section 164, *supra,* grants the right to bring an action requesting that the *patria potestas* given by the divorce decree to Otilia Lluberas Negroni, the defendant, be extinguished or suspended.

The plaintiff appellant maintains that the above cited Section 164 grants to him, as the father who has been deprived of the *patria potestas,* the right to bring an action requesting the extinguishment of the *patria potestas* conferred upon his former wife. He bases all his arguments on the construction which in his opinion should be given to the final paragraph of said statute, which reads as follows: "*Provided,* That the father or mother, if any, already deprived of the *patria potestas,* may also petition for the appointment of a proper tutor."

The appellant argues that since the purpose of every proviso is to limit or modify that which was said in the main clause which precedes it, and since nothing was said in the main clause of Section 164 concerning the appointment of the guardian, the proviso of Section 164 must be construed in the sense of conferring upon the plaintiff the right to bring an action requesting the extinguishment of the *patria potestas* exercised by the mother over the minor and also the right to intervene in the appointment of a guardian.

It is true that nothing is said concerning the appointment of a guardian in that part of Section 164 which precedes the proviso. But, what need was there of making any reference

to the appointment of a guardian? Can it be conceived that one of the persons called upon to exercise the tutorship by operation of law over a minor should bring an action requesting the extinguishment of the *patria potestas* in accordance with Section 164 of the Civil Code and not ask the court at the same time to appoint a guardian over the minor in order that the latter should not be left defenseless? Can it be conceived that a court of law, which exercises tutellary functions over all the minors within its jurisdiction should decree the extinguishment, loss or suspension of the *patria potestas* over a minor without appointing at the same time a guardian over the person and property of said minor, even if such appointment was not requested within the same action?

Before the approval of the statute amending Section 164, *supra,* the innocent spouse did not lose the *patria potestas* over his children when he remarried; and no one had a right to request for that reason the extinguishment of the *patria potestas* by judicial decree. The above mentioned Section created that right and granted it exclusively to those persons called upon to exercise the tutorship by operation of law in accordance with Section 178 of the Civil Code. The legislator could have also granted the right to bring such an action to the spouse who had lost the *patria potestas,* but did not do it; and we are not empowered to do what the legislator abstained from doing.

We do not know the reasons or motives which the legislator had when he failed to include the spouse who had lost the *patria potestas* by judicial decree, among the persons who may exercise the action created by Section 164 of the Civil Code. One might think that as everything concerning the care and custody of the children had already been discussed by the spouses in the divorce suit, and as the question had already been decided, the legislator did not wish to revive it by granting a cause of action to the spouse who had

lost the *patria potestas* through his fault, against the one who loses it or may lose it because of a second marriage. That perhaps was the fundamental reason which the legislator had when he provided that the controversy could be joined only between some person who might exercise the tutorship by operation of law, on one side, and the spouse who has remarried on the other.

The spouse who through his fault was deprived of the *patria potestas* over his minor child could not claim the guardianship of said minor even though the spouse who remarried should lose the *patria potestas* by judicial decree. Sections 178 and 195 of the Civil Code prevent this.

Assuming that the spouse who lost the divorce suit feels the love of a parent for the minor and has an interest in watching over his welfare and happiness, the legislator thought it just and reasonable to grant to said spouse the right to intervene and be heard with respect to the appointment of a guardian for the minor. That right, not acknowledged by any other statute, is the one created in favor of the spouse who has been deprived of the *patria potestas,* by the proviso of Section 164 of the Civil Code.

For the foregoing reasons, we hold that the lower court did not err when it granted the demurrers and that the judgment appealed from must be affirmed.